BARKDULL, Chief Judge.
By this appeal the appellant, by one notice of appeal, seeks review of an adverse final judgment in a common law action, and of an adverse final decree in a suit for reformation.
A common law action was instituted by the appellee against the appellant to recover sums due on three promissory notes. The notes were executed on the usual and ordinary bank forms and were
signed: “Raleigh Water Heater Mfg. Co., Inc. Leo Schor”.
There was no indication that Leo Schor signed in a corporate capacity, and he was sued individually. Subsequent to the institution of the common law action, the appellant instituted the chancery suit seeking reformation of the notes involved, contending that they were allegedly entered into by mistake and that they were intended to be corporate notes. From the evidence adduced before the chancellor, it was apparent that if there was any mistake it was a unilateral mistake and not a mutual one and, it being impossible to return the parties to the status quo because of an intervening bankruptcy, no error is found in the chancellor’s final decree denying reformation. See: Langley v. Irons Land & Development Company, 94 Fla. 1010, 114 So. 769; Continental Casualty Co. v. City of Ocala, 99 Fla. 851, 127 So. 894; Hartsfield v. Williams, 145 Fla. 709, 200 So. 220; 5 Fla.Jur., Cancellation, Reformation, etc., § 78. Of course, if there was no error in the reformation action, then the final judgment in the common law suit was appropriately entered.
We have serious doubt as to the validity of the notice of appeal in the instant action, which vests jurisdiction in this court, in that it is an attempt by one notice of appeal to review a separate judgment and a separate decree rendered in two different causes of action. See: Drummond Blow Title Corp. v. Blatnick, Fla.App.1963, 157 So.2d 711. However, we have examined the record on appeal and fail to find error in the judgment complained of and in the final decree. Therefore, notwithstanding the apparent jurisdictional defect, they are hereby affirmed.
Affirmed.
CARROLL. J.. concurs in the judgment.